## King v. Commonwealth.

(Decided April 16, 1929.)

CLEMENTS & CLEMENTS and W. W. KIRTLEY, all for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant shot and killed Bob Goodwin in the city of Owensboro in the early part of 1928. He was indicted charged with murder, and a jury found him guilty of manslaughter and fixed his punishment at 21 years in the penitentiary.

The appellant and Goodwin had been friends and associates. On the afternoon immediately preceding the killing that evening, Goodwin went to the room of appellant. Appellant claims that he had $60 in his pocket; that he went to sleep while Goodwin was in the room; that when he awoke some hours later his money was gone, and he concluded that Goodwin had stolen it; that he conceived the idea of finding Goodwin and trying to persuade him to return his money. In company with one McKinley, he went to a hotel where he had been residing and obtained some clothing which he had left there and, incidently, obtained a pistol which he put in the outside pocket of his overcoat. He drove down in town and made some inquiry about Goodwin. He went to the Victory pool room, and soon thereafter Goodwin appeared on the sidewalk in front of the pool room. Appellant went out and accosted Goodwin. According to his own statement, this is what happened: "I said 'Bob, did you get my money?' I said, 'If you did I think you ought to give it back to me,' and commenced talking to him like that and he said, 'G—— d—— you and your money too,' and ran his hand in his hip pocket and I backed back a step or two and pulled my gun and fired." If this is the only excuse that appellant had for killing Goodwin, it affords him little or no justification for his act. Other witnesses present do not testify as favorably to him. One witness who was with Goodwin stated, in effect, that appellant said something to Goodwin which he did not understand and then began to shoot at a time when Goodwin was doing nothing. There is no question about the sufficiency of the evidence.

The first error assigned for reversal is that the court refused to allow appellant to state to the jury that Goodwin was in the habit of robbing poker games and committing other thefts, and that appellant had frequently heard him talk about committing these crimes. It would be a strange rule if the defendant on trial should be allowed to testify to things of this nature which he claimed that the dead man had told him. This evidence was not competent, and the court properly so held. If Goodwin was a dangerous man, appellant may have shown it by competent evidence and may have testified that he knew that he was dangerous, but he should not have been allowed to give evidence along the line of that about which he complains.

Complaint is made of the instructions. The instructions are such as have been approved by this court every time they have been questioned. They are in all respects correct. The instructions given appear to have been taken from Hobson & Blaine's Instructions, sec. 749.

The only other complaint is as to the severity of the punishment. That is not a question for this court. When the evidence is sufficient to take the case to the jury and uphold the verdict, the punishment which shall be inflicted is solely within the discretion of the jury. Baughman v. Commonwealth, 206 Ky. 441, 267 S. W. 231.

Judgment affirmed.