## Prater v. Commonwealth.

(Decided December 15, 1931.)

R. A. DUNN for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.

Opinion of the Court by Chief Justice Dietzman—
Affirming.

Appellant was convicted of the offense of maliciously shooting at and wounding another with intent to kill, and sentenced to serve five years in the penitentiary. He appeals.

The grounds relied upon for reversal are that the verdict is flagrantly against the evidence, and that the punishment inflicted is too severe. For the commonwealth, it was proven that on the day the trouble occurred, Buck Miller, an officer, went to the home of George Prater to serve a summons on Isaac Prater, his son. George Prater was sitting on the front porch and Buck Miller sat down to talk with him; that while they were sitting there a gun was fired in the back yard. Miller asked Prater what the firing meant, and was informed by George Prater that Isaac was in the back yard working on an old gun. Miller then got up and started to leave. As he went down the path toward the front gate, and when within 50 yards of that gate, the gun was fired again, and he was struck in the back and in the back of the head and on his right side and arm with about 50 shots from a shotgun. Other witnesses corroborated the nature and extent of Miller's wounds. The witness Rachel Allen testified that Isaac Prater later told her he had tried to kill Miller. The evidence for the appellant tended to establish that when Buck Miller was sitting on the front porch talking to George Prater, he upbraided George Prater and his wife for the way they had voted in a recent election; that, while this conversation was going on, the appellant accidentally fired a shotgun on which he was working in the back yard. He testified that it was an old single-barrel shotgun. When it fired, Miller got up and went down the path towards the gate, and, as he neared the gate, he turned around and started to draw a pistol, whereupon the appellant shot him in what he thought was his necessary self-defense. The appellant's sister, father, and mother corroborated him in his version of this transaction. On this resume of the evidence, it is obvious that this was a case for the jury. If the testimony of the commonwealth is to be believed, the appellant deliberately shot Miller in the back when Miller was doing nothing to him to cause him to do so. Appellant does not deny that he intended to shoot Miller, but claims that he did so in his necessary

self-defense. It follows that really the only issue for the jury to try was whether the appellant did shoot Miller in his necessary self-defense or not. The character of the wounds and where they were inflicted upon the body of Miller, together with Miller's testimony as to what occurred, if believed by the jury, as it was, completely refuted the appellant's theory or claim of self-defense. The contention that the verdict is flagrantly against the evidence cannot be sustained. Coming to appellant's claim that the punishment inflicted upon him is to severe, we are met with the principle that the amount of punishment within the statutory limits is clearly within the province of the jury to determine. In King v. Commonwealth, 228 Ky. 842, 16 S. W. (2d) 476, 477, we said:

"The only other complaint is as to the severity of the punishment. That is not a question for this court. When the evidence is sufficient to take the case to the jury and uphold the verdict, the punishment which shall be inflicted is solely within the discretion of the jury. Baughman v. Commonwealth, 206 Ky. 441, 267 S. W. 231."

As there is no merit in any of the contentions of appellant upon which he relies for reversal, the judgment must be, and it is hereby, affirmed.